UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael P. EGAN,<br><br>                      Petitioner,<br><br>v.<br><br>Brad WEINREB, et al.,<br><br>                      Respondents. | Case No.: 3:23-cv-1307-AGS-JLB<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner Michael Egan is awaiting trial in state court on the misdemeanor charge of driving under the influence of drugs. (*See* ECF 1, at 2.) He petitions this Court for a writ of habeas corpus and moves to proceed in forma pauperis. (ECF 1, 2.)

### REQUEST TO PROCEED IFP

Egan has no income and insufficient funds to afford the $5.00 filing fee. (*See* ECF 2, at 1–2.) So, the Court grants Egan's application to prosecute this action without prepaying fees or costs and without posting security. The Clerk of the Court shall file the habeas petition without prepayment of the filing fee.

### ABSTENTION

The habeas petition, however, must be dismissed due to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* "instructs federal courts to decline to hear" federal cases that implicate certain parallel state proceedings, including "ongoing state criminal prosecutions." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 587–88 (9th Cir. 2022). To abstain, the court must find that the parallel state proceeding: (1) is "ongoing"; (2) "implicates important state interests"; and (3) "provides adequate opportunity to raise constitutional challenges." *Id*. at 588 (cleaned up).

All three criteria are met here. First, the state proceeding is ongoing. Egan is awaiting a July 24, 2023 state misdemeanor trial for driving under the influence of drugs. (*See* ECF 1, at 2, 6.) Second, there is no question that the state case involves important state

interests. "The States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court . . . ." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) Finally, Egan has an adequate opportunity to raise any constitutional challenges. Among other things, he asserts that various federal constitutional rights have been violated by his onerous bail conditions and the denial of certain pretrial discovery. (ECF 1, at 4–7.) Egan may fairly pursue all these issues in state court. At least, there is no evidence to indicate otherwise.

## CONCLUSION

For the foregoing reasons, the request to proceed in forma pauperis is **GRANTED**, but the petition is **DISMISSED** without prejudice. This Court abstains from interfering with ongoing state criminal proceedings under the *Younger* abstention doctrine.

Dated:  July 24, 2023

Andrew G. Schopler
United States District Judge